# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7402 | **DATE** | 2/7/2013 |
| **CASE TITLE** | Felsenthal et al vs. Travelers Property Casualty Ins Co | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) [17]. The Court hereby lifts the stay of discovery.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Travelers Property Casualty Insurance Company's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Court denies the Motion.

### BACKGROUND

On May 27, 2009, Travelers Property Casualty Insurance Company ("Travelers") issued an insurance policy allegedly covering losses "on or about Plaintiffs' residence at 9850 Wild Cherry Lane, Palos Park, Illinois." (Am. Compl. ¶ 3.) ("The Policy") The Policy contained a provision stating that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." (R. 1-1, Not. of Removal, Ex. A at 21.) ("The Suit Limitation Provision") An endorsement to the Policy further stated that "this one year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part." (Not. of Removal, Ex. A. at 46.) Under a section of the Policy entitled "Your Duties After Loss," the Policy provided that "[i]n case of a loss to covered property, you must see that the following are done . . . [s]end to us, within 60 days after our request, your signed, sworn proof of loss." (*Id.* at 19.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Plaintiffs Alan Felsenthal and Angelique McGlashan allege that "on or about May 1, 2010, an unknown individual(s) broke into the residence of Plaintiffs and committed various acts of vandalism which included plugging the bathtubs in the two . . . bathrooms, turning on the faucets and allowing water to drain under the floors and ceilings of the residence which resulted in substantial damage to the Premises and personal property." (Am. Compl. ¶ 4.) In addition, Plaintiffs allege that the unknown individual or individuals "committed acts of burglary and stole various items of jewelry and other personal property." (*Id.* ¶ 5.) Subsequently, Plaintiffs notified Travelers of the occurrence and made the premises available for inspection. (*Id.* ¶ 6.) On August 20, 2012, Plaintiffs received from their attorney a copy of a letter dated August 17, 2012 from Travelers to the Plaintiffs denying coverage for Plaintiffs' claims. (Am. Compl., Ex. B.)

On August 21, 2012, Plaintiffs filed suit in the Circuit Court of Cook County, Illinois against Defendant alleging breach of the insurance contract. (Am. Compl. ¶ 10.) On September 17, 2012, Defendant removed the case from the Circuit Court of Cook County, Illinois on the basis of diversity jurisdiction. (R. 1, Not. Removal.) Plaintiffs then filed an Amended Complaint on October 5, 2012. (R. 12, Am. Compl.) On December 10, 2012, Defendant moved for judgment on the pleadings pursuant to Rule 12(c). (R. 17.)

## LEGAL STANDARD

Rule 12(c) provides that after "the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) 'is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice.'" *Archer Daniels Midland Co. v. Burlington Ins. Co. Grp.*, No. 10-CV-1533, 2011 WL 1196894, at *2 (N.D. Ill. Mar. 29, 2011) (quoting *Cin. Ins. Co. v. Contemporary Distrib., Inc.*, No. 09-CV-2250, 2010 WL 338943, at *2 (N.D. Ill. Jan. 26, 2010)). The same legal standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to motions under Rule 12(c). *See Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). To survive a Rule 12(c) motion, therefore, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the speculative level, assuming that all well-pleaded allegations in the complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Wozniak v. Argonne Nat'l Lab.*, No. 09–CV–7702, 2010 WL 3958426, at *3 (N.D. Ill. Oct.1, 2010). The Seventh Circuit has clarified, however, that when a party seeks to use a 12(c) motion "to dispose of the case on the basis of the underlying substantive merits," then the "appropriate standard is that applicable to the summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). In that case, the court, "take[s] all well-pleaded allegations in the plaintiffs' pleadings to be true, and . . . view[s] the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs." *Id.* The moving party, therefore, bears the burden of showing that "no genuine issues of material fact remain to be resolved and . . . the moving party is entitled to judgment as a matter of law." *Id.*

For the purposes of a 12(c) motion, "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998). In the Seventh Circuit, a "written instrument" includes "documents such as affidavits . . .[,]letters, and loan documentation." *Id.* at 453 (internal citations omitted).

## ANALYSIS

Defendant moves for judgment on the pleadings on the basis that Plaintiffs' claim is time-barred. (R. 18, Def.'s Mem. 4.) According to Defendants, because Plaintiffs filed suit on August 12, 2012, and the date of loss was May 1, 2010, the one-year Suit Limitation provision forecloses Plaintiffs' claim. (Def.'s Mem. 4.)

Defendants also contend that because Plaintiffs failed to submit the proof of loss form within the 60-day time period as mandated by the Policy–and the insured must file a proof of loss that follows the requirements of the Policy–the one-year Suit Limitation provision was not tolled and expired on May 1, 2011. (Def.'s Mem. 4-5.)

In response, Plaintiffs argue that whether the Suit Limitation was tolled involves factual determinations that the Court cannot make on a motion for judgment on the pleadings and require discovery to resolve. (Pls.' Resp. 5.) Among these potential factual issues, Plaintiffs argue that Defendant has waived or is estopped from asserting strict compliance with the 60-day proof of loss requirement. Plaintiffs offer two grounds for estoppel or waiver:[1] (1) Travelers' denial letter "lists many reasons for its decision, but never states that the basis for its denial was that the Plaintiffs did not file their proof of loss within one year of the actual loss"; (2) "Defendant's own conduct in investigating the claim, directing the Plaintiffs concerning filing the proof of loss and paying part of the claim for pumping out the water in the basement are all indicia of waiver [or estoppel]." (Pls.' Resp. 5.)

Under Illinois law, an estoppel against an insurer may lie "[w]here an adversary lulls an opponent into a 'false sense of security' that a claim may be settled without resort to litigation." *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 676 (7th Cir. 1990) (citing *Beynon Bldg. Corp. v. National Guardian Life Ins. Co.*, 118 Ill. App. 3d 754, 763, 455 N.E. 2d 246, 252, 74 Ill. Dec. 216, 222 (1983)). If the insurer's conduct did not go "beyond mere investigation and negotiation," the estoppel argument fails as a matter of law. *Id.* (citing *D'Urso v. Wildheim*, 37 Ill. App. 3d 835, 839, 347 N.E.2d 463, 466 (1976)). A valid basis for estoppel may lie, however, "if an insurer conceded liability, advanced payments to its insured, or made statements encouraging its insured to delay filing suit." *Id.* at 676. "[I]t is not necessary that the insurer intentionally mislead or deceive the insured, or even intend by its conduct to induce delay; rather, all that is necessary is that the insured reasonably relies on the insurer's conduct in foregoing filing a suit." *Burress-Taylor v. Am. Sec. Ins. Co.*, 2012 IL App (1st) 110554, 980 N.E.2d 679, 687 (Ill. App. Ct. Oct. 26, 2012); *Florsheim v. Travelers Indem. Co. of Illinois*, 75 Ill. App. 3d 298, 304, 393 N.E.2d 1223, 1229 (Ill. App. Ct. 1979) ("An estoppel may be found even though the insurer neither intended to mislead, nor to relinquish its own rights.")

Defendant has failed to satisfy its burden at this stage that Plaintiffs' estoppel argument fails as a matter of law. Here, Plaintiffs assert that Defendant's "own conduct in investigating the claim, directing the Plaintiffs concerning filing the proof of loss and paying part of the claim for pumping out the water" give rise to either a valid basis for estoppel or waiver.[2] (Pls.' Mem. 5.) At this early stage, the Court cannot conclude that under no

---

[1] In their Response, Plaintiffs do not distinguish clearly between which allegations support their estoppel and waiver arguments. As Illinois courts have noted, though "'waiver' and 'estoppel' are sometimes conflated, particularly in the insurance context, they are . . . distinct legal doctrines." *Lumbermen's Mut. Cas. Co. v. Sykes*, 384 Ill. App. 3d 207, 218, 890 N.E.2d 1086, 1097 (Ill. App. Ct. 2008) ("Waiver focuses exclusively on the conduct of the insurer, while estoppel focuses on the conduct of the insured in response to representations made by the insurer."). Because at this procedural posture, the Court must view the inferences in favor of the non-moving party, the Court will consider both sets of allegations in determining whether Plaintiffs' reliance on the estoppel or waiver doctrine is barred as a matter of law.

[2] Plaintiffs make these allegations only in their Response opposing the Motion, and not their Amended Complaint. Although courts must decide motions for judgment on the pleadings only on the pleadings and any written instruments they incorporate, a plaintiff need not "plead around defenses" in a complaint. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("[P]laintiffs need not anticipate and attempt to plead around all potential defenses.") Given that the Motion

set of facts did Defendant's actions cross the line between mere investigation into conduct or "statements encouraging its insured to delay filing suit." Indeed, Defendant's exhibits to its Answer include a series of emails between Plaintiff Felsenthal and a Travelers Claim Professional. (Ans. Exs. B, C.) These emails reflect communication between Travelers and Plaintiff Felsenthal during May and April of 2011. Given these communications, discovery is necessary to clarify this factual issue regarding the parties' respective claims and defenses. Granting judgment on the pleadings, therefore, would be improper. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (noting that judgment on the pleadings is appropriate "when all relevant facts are presented"); *Alexander v. City of Chicago*, 994 F.2d 333, 345 (7th Cir. 1993) ("The issue at this stage, however, is whether additional factual development is essential to a proper decision.").[3]

Defendant's reliance on *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 676 (7th Cir. 1990) in this procedural posture is misplaced. In *Koclanakis*, the Seventh Circuit held that the plaintiff's estoppel argument failed as a matter of law on summary judgment where the asserted basis for estoppel was that the defendant "manifested assurances that it would reconsider [the plaintiff's] claim" by its "willingness to schedule an examination under oath," notwithstanding "eleven months of repeated requests for more evidence." 899 F.2d at 676. Here, however, the record is not sufficiently developed for the Court to make such a determination at this stage.

As Defendant has failed to meet its burden on the estoppel issue, the Court will not reach the other potential issues that Plaintiffs argue preclude judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c).

---

is the first opportunity for Plaintiffs to challenge Defendant's time-bar defense, the Court will consider these allegations for the limited purpose of determining whether factual issues preclude judgment on the pleadings.

[3] Although Defendant argues that Plaintiffs' estoppel argument is barred because it allegedly agreed to share the costs to pump out the water after May 1, 2011, and thus subsequent to the expiration of the one-year limitations period, the Court cannot rely on this assertion at this stage to conclude that Plaintiffs' estoppel defense fails as a matter of law.