# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7402 | **DATE** | 4/19/2013 |
| **CASE TITLE** | Felsenthal et al vs. Travenlers Property Casualty Ins Co | | |

**DOCKET ENTRY TEXT**

The Court grants Travelers' Motion to Dismiss with prejudice with respect to those portions of Bank of America, N.A.'s Complaint seeking relief pursuant to Section 155 [37].

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This case is a breach of an insurance contract action by Plaintiffs Alan Felsenthal and Angelique McGlashan ("Plaintiffs") against Defendant Travelers Property Casualty Insurance Company ("Travelers"). On January 28, 2013, the Court granted Bank of America, N.A.'s ("BANA") unopposed Motion to Intervene as a mortgagee on the property at issue in the insurance policy. (R. 31.) Before the Court is Travelers' Motion to Dismiss BANA's request for relief under 215 ILCS 5/155 pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 37.) For the following reasons, the Court grants the Motion with prejudice.

### BACKGROUND

On May 27, 2009, Travelers Property Casualty Insurance Company ("Travelers") issued an insurance policy ("The Policy") covering losses "on or about Plaintiffs' residence at 9850 Wild Cherry Lane, Palos Park, Illinois (the "Property")." (R. 12, Pls.' Am. Compl. ¶ 3.) Plaintiffs then notified Travelers of a break-in to the residence and various acts of vandalism for which they sought coverage under the Policy. (Pls.' Am. Compl. ¶ 6; R. 35, Intervenor Compl. ¶¶ 17-19.) Subsequently, Plaintiffs allege that they received from their attorney a copy of a letter dated August 17, 2012 denying coverage for Plaintiffs' claims. (Pls.' Am. Compl. ¶ 8.)

| | Courtroom Deputy | KF |
|---|---|---|

On August 21, 2012, Plaintiffs filed suit in the Circuit Court of Cook County, Illinois against Travelers alleging breach of contract. (Pls.' Am. Compl. ¶ 10.) On September 17, 2012, Travelers removed the case from the Circuit Court of Cook County, Illinois on the basis of diversity jurisdiction. On February 7, 2013, the Court denied Travelers' Motion for Judgment on the Pleadings. (R. 33.)

In its Intervenor Complaint, BANA alleges that as the successor in interest to LaSalle Bank Midwest, N.A. and LaSalle Bank, N.A., BANA is the current holder of two mortgages on the Property. (Intervenor Complaint ¶¶ 11,13.) BANA asserts that Travelers has breached the insurance contract with Plaintiffs by denying their claim. BANA further contends that Travelers' denial is vexatious and unreasonable and thus seeks an award of attorney's fees, costs, and other relief pursuant to 215 ILCS 5/155 ("Section 155"). (*Id.* ¶ 23.) Travelers moves to dismiss BANA's claim for relief under 215 ILCS 5/155 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and on the grounds that BANA lacks standing for a Section 155 claim.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

## ANALYSIS

### I.  Standing for a Section 155 Claim

Travelers argues that BANA lacks standing under Illinois law to bring a Section 155 claim. In response, BANA maintains that it has standing as the "mortgagee for both loans listed in the insurance policy." (R. 43, BANA's Resp. 4.)

Section 155 provides in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

    (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

    (b) $60,000;

    (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1).

Section 155 "provides an extracontractual remedy" by which a plaintiff may "recover reasonable attorney fees and other costs, as well as an additional sum that constitutes a penalty" for an insurer's vexatious or unreasonable refusal to pay a claim. *See Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519, 675 N.E.2d 897, 900 (1996). "The provision 'is intended to penalize vexatious delay or rejection of legitimate claims by insurance companies.'" *Arthur Anderson LLP v. Fed. Ins. Co.*, No. 06 C 1824, 2007 WL 844632, at *18 (N.D. Ill. Mar. 16, 2007). "Because this statute is 'penal in nature' its provisions must be strictly construed." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). "[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id.*

"As a general rule, the remedy embodied in section 155 of the Insurance Code extends only to the party insured." *Yassin v. Certified Grocers of Ill.*, 133 Ill. 2d 458, 466, 551 N.E.2d 1319, 1322 (1990); *Statewide Ins. Co. v. Houston Gen. Ins. Co.*, 397 Ill. App. 3d 410, 426-27, 920 N.E.2d 611, 625 (Ill. App. Ct. 2009). Illinois courts have clarified, however, that a Section 155 claim is available "to an assignee who succeeds to the same position of the insured, but . . . not . . . [to] 'true' third parties." *Garcia v. Lovellette*, 265 Ill. App. 3d 724, 728, 639 N.E.2d 935, 937 (Ill. App. Ct. 1994); *Am. States Ins. Co. v. CFM Const. Co.*, 398 Ill. App. 3d 994, 1002, 923 N.E.2d 299, 307-08 (Ill. App. Ct. 2010) ("Because CFM assigned its rights to Michigan, Michigan is in the same position as CFM and may seek section 155 sanctions on CFM's behalf."); *Peerless Enter., Inc. v. Kruse*, 317 Ill. App. 3d 133, 142, 738 N.E.2d 988, 997 (Ill. App. Ct. 2000) ("It is well settled that the rights and remedies available under section 155 can be extended to assignees of insureds."). Courts have consistently held that standing for a Section 155 claim is limited to the insured and the insured's assignees. *Statewide Ins. Co.*, 397 Ill. App. 3d at 426; *Credit Ins. Consultants, Inc. v. Republic Fin. Servs., Inc.*, No. 92 C 8320, 1993 WL 388659, at *5 (N.D. Ill. Sept. 23, 1993).

BANA neither alleges nor argues that Plaintiffs assigned the Policy to BANA or that the Policy defines BANA as an insured. Rather, BANA contends that as a "mortgagee that is listed in the insurance policy and entitled to any loss payable from coverage of the residence under the terms of the policy," BANA "is a direct beneficiary of the insurance policy." (BANA's Resp. 4.) In support of this argument, BANA cites *Garcia v. Lovellette*, 265 Ill. App. 3d 724, 732, 639 N.E.2d 935, 940 (Ill. App. Ct. 1994), and *Sosin v. Hayes*, 258 Ill. App. 3d 949, 952, 630 N.E.2d 969, 971 (Ill. App. Ct. 1994).

BANA's reliance on *Garcia* is misplaced. In *Garcia*, an Illinois appellate court held that an injured occupant of a vehicle covered under an insurance policy had standing to pursue a Section 155 claim because the policy "provision expressly define[d] an occupant of the named insured's car as an insured." *See Garcia*, 265 Ill. App. 3d at 728. Here, although BANA contends that it is listed as a mortgagee on the Policy, it does not argue or allege that the Policy defines it as an insured. Nor does BANA cite any cases recognizing standing for named mortgagees under Section 155. Moreover, at least one other district court in this District has rejected a similar argument to extend *Garcia* beyond its facts. *See Brown & Kerr, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 95 C 1119, 1996 WL 464212, at *3 (N.D. Ill. Aug. 12, 1996) (holding third party beneficiary subcontractor of payment bond lacked standing to sue under

Section 155).

Nor does *Sosin* support BANA's argument that a named mortgagee on a policy is a "beneficiary" for purposes of Section 155. In *Sosin,* which did not involve a Section 155 claim, an Illinois appellate court held that an insured's minor son dependent was a "direct contract beneficiary" of the policy and thus subject to the insurer's lien on the proceeds received by the dependent in a settlement because the parties had manifested an intent to make the dependent a third-party beneficiary. In making this determination, the Illinois appellate court noted that the parties had named the minor son as a covered dependant under the policy, that the mother had assigned her rights to reimbursement for medical expenses to him, and that the father had executed a reimbursement agreement for medical expenses with the insurer on behalf of himself and his minor son. Even if *Sosin* were applicable to Section 155 claims, BANA neither alleges nor argues comparable facts indicating Plaintiffs' manifestation of an intent to make BANA a beneficiary under the Policy.

In sum, given that courts should construe the terms of Section 155 narrowly, BANA lacks standing under the well-established principle that only an insured or an assignee may sue under Section 155. Accordingly, BANA's argument fails. Because BANA lacks standing to bring a Section 155 claim, the Court need not reach the issue of the sufficiency of BANA's allegations. The Court dismisses BANA's claim for relief under Section 155 with prejudice.

## II. Sufficiency of Factual Allegations

Moreover, even if BANA has standing to sue, BANA has failed to set forth sufficient factual support for its allegations that Travelers unreasonably or vexatiously denied Plaintiffs' insurance coverage. (BANA's Mot. to Dismiss 5.)

In order to prevail at the Rule 12(b)(6) stage on a Section 155 claim, a plaintiff must allege some facts in support of his allegations that the defendant acted unreasonably or vexatiously in denying the claim. *See Kondaur Capital Corp. v. Stewart Title Co.*, No. 11 C 7038, 2012 WL 367054, at *5 (N.D. Ill. Feb. 2, 2012) ("Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute.") *Id.* (quoting *Scottsdale Ins. Co. v. City of Waukegan,* No. 07 C 64, 2007 WL 2740521, at *2 (N.D.Ill. Sept.10, 2007)). BANA provides almost no factual support for its claim, and only conclusorily alleges that Travelers' denial of Plaintiffs' claim is unreasonable. *Compare W. Howard Corp. v. Indian Harbor Ins. Co.*, No. 10-CV-7857, 2011 WL 2582353, at * (N.D. Ill. June 29, 2011) (holding allegations that insurer "failed to pay the claim, made 'bad faith' demands for documents, conducted a burdensome investigation, [and] delayed in

resolving the claim" stated Section 155 claim). Accordingly, BANA's "threadbare" recitation of the elements is insufficient. *See Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss [courts] must take all of the factual allegations in the complaint as true, [they] 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (quoting *Twombly*, 550 U.S. at 555)).

## CONCLUSION

For the foregoing reason, the Court grants Travelers' Motion to Dismiss with prejudice with respect to those portions of BANA's Complaint seeking relief pursuant to Section 155.